Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Brian L Helphenstine** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Rebecca K Helphenstine** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the | **EASTERN DISTRICT OF KENTUCKY** | | |
| Case number: | | | |
| (If known) | | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

Local Form 3015-1(a)
# Chapter 13 Plan                                                                                                           12/17

## Part 1:   Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ■ Included | ☐ Not Included |

## Part 2:   Plan Payments and Length of Plan

**2.1**   **Debtor(s) will make regular payments to the trustee as follows:**

   **$620** per **Month** for **30** months
   **$620** per **Month** for **30** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2**   **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

☐   Debtor(s) will make payments pursuant to a payroll deduction order.
☐   Debtor(s) will make payments directly to the trustee.
☐   Other (specify method of payment):

| Debtor | **Brian L Helphenstine** | Case number | |
| | **Rebecca K Helphenstine** | | |

**2.3 Income tax refunds.**
*Check one.*
- ■ Debtor(s) will retain any income tax refunds received during the plan term.

- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- ☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $**37,200.00**.

**Part 3:   Treatment of Secured Claims**

**3.1**  **Maintenance of payments and cure of default, if any.**

*Check one.*
- ■ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2**  **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ☐ **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
  ***The remainder of this paragraph will be effective only if the applicable box in Part 1 is checked.***

- ■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

  The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

  (a) payment of the underlying debt determined under nonbankruptcy law, or

  (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate* | Monthly payment | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|

| Debtor | **Brian L Helphenstine** <br> **Rebecca K Helphenstine** | Case number | |
|---|---|---|---|

| **Name of creditor** | **Estimated amount of creditor's total claim** | **Collateral** | **Value of collateral** | **Amount of claims senior to creditor's claim** | **Amount of secured claim** | **Interest rate*** | **Monthly payment** | **Estimated total of monthly payments** |
|---|---|---|---|---|---|---|---|---|
| **Eagle Financial Services, Inc** | $1,681.00 | **2003 Chevrolet Trailblazer 140,000 miles does not run** | $300.00 | $0.00 | $300.00 | 0.00% | $5.56 | $300.00 |
| **Eagle Financial Services, Inc** | $1,560.00 | **misc. personal property** | $200.00 | $0.00 | $200.00 | 0.00% | $3.70 | $200.00 |
| **Mason County Sheriff** | $700.00 | **7090 Dixon Pike Maysville, KY 41056 Mason County Purchased: 2001 Amount: $27,000** | $19,740.00 | $0.00 | $700.00 | 0.00% | $12.96 | $700.00 |
| **World Finance** | $892.00 | **misc. personal property** | $100.00 | $0.00 | $100.00 | 0.00% | $1.85 | $100.00 |
| **World Finance** | $600.00 | **misc. personal property** | $50.00 | $0.00 | $50.00 | 0.00% | $0.93 | $50.00 |

*Insert additional claims as needed.*

* If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points. An allowed secured tax claim shall be paid with interest at the applicable statutory rate in effect on the date on which the plan is confirmed, notwithstanding any contrary provision of the plan

**3.3**     **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐  **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
■  The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| **Name of Creditor** | **Collateral** | **Amount of claim** | **Interest rate*** | **Monthly plan payment** | **Estimated total payments by trustee** |
|---|---|---|---|---|---|

| Debtor | **Brian L Helphenstine** | | Case number | |
| | **Rebecca K Helphenstine** | | | |

| Name of Creditor | Collateral | Amount of claim | Interest rate* | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| GM Financial | **2019 Chevrolet Trax 21,700 miles 910 - lien recorded 4-18-2019 218 days as of 11-22-2019** | **$24,817.00** | **6.00%** | **$540.61**<br>Disbursed by:<br>■ Trustee<br>☐ Debtor(s) | **$29,193.02** |

*Insert additional claims as needed.*

\* If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points.

**3.4**  **Lien avoidance**.

*Check one.*

■    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5**  **Surrender of collateral.**

*Check one.*

■    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**3.6**  **All Other Secured Claims.**
An allowed secured claim not provided for in the plan shall be classified in a junior class of secured claims that will be paid through the plan on a pro rata basis with all other allowed secured claims in the class. Each allowed claim in the class will be paid to the extent of the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less, with interest at the WSJ Prime Rate on the date of confirmation or the date on which the proof of claim is filed, whichever is later, plus 2 percentage points, or if a secured tax claim with interest at the applicable statutory rate in effect on the date on which the plan is confirmed. Allowed administrative expenses shall be paid in full prior to distribution to this class of secured claims.

**Part 4:**  **Treatment of Priority Claims**

**4.1**  **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**  **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **7.10**% of plan payments; and during the plan term, they are estimated to total $**2,641.20**.

**4.3**  **Attorney's fees.**

1.    Counsel for the debtor requests compensation as follows:

a. ■ Pursuant to KYEB LBR 2016-2(a) an attorney's fee for Debtor's counsel shall be allowed in the amount of $**3,500.00**  (not to exceed $3,500). Of this amount, the debtor paid $**0.00**  prior to the filing of the petition, leaving a balance of $**3,500.00** to be paid through the plan. (The Debtor/Attorney for Debtor have complied with KYEB LBR 2016-2(a) and this must match the Rule 2016(b) Disclosure of Compensation of Attorney For Debtor(s)). Any additional requests for fees or expenses will be requested by separate application.

OR

b. ☐ An attorney's fee for Debtor's counsel will be requested by separate application and shall be paid as allowed by the Court.

2.    Until the allowed attorney's fee is paid in full, creditors holding secured claims (including arrearage claims) shall be paid only adequate protection payments ordered by the Court.

| Debtor | **Brian L Helphenstine** | Case number | |
| | **Rebecca K Helphenstine** | | |

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5** **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
- ■ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply*.
- ☐ The sum of $____
- ☐ ____% of the total amount of these claims, an estimated payment of $____
- ■ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**787.50**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

- ■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

- ■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** **Except as provided in Part 8, property of the estate in the possession of the debtor(s) and properly scheduled will vest in the debtor(s) upon**

*Check the appliable box:*
- ■ plan confirmation.
- ☐ entry of discharge.
- ☐ other: ____

**7.2** **Unless otherwise ordered, the trustee retains all lien avoidance rights provided by statute.**

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
- ☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced*.

| Debtor | **Brian L Helphenstine** | Case number |  |
|---|---|---|---|
|  | **Rebecca K Helphenstine** |  |  |

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form 3015-1(a) or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
 **lng**

## Part 9:   Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below.*

X  **/s/ Brian L Helphenstine**                                           X  **/s/ Rebecca K Helphenstine**
   **Brian L Helphenstine**                                                      **Rebecca K Helphenstine**
   Signature of Debtor 1                                                          Signature of Debtor 2

   Executed on    **November 22, 2019**                              Executed on    **November 22, 2019**

X  **/s/ Michael E. Plummer**                                          Date   **November 22, 2019**
   **Michael E. Plummer 85723 KY**
   Signature of Attorney for Debtor(s)

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form 3015-1(a), other than any nonstandard provisions included in Part 8.**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                         Best Case Bankruptcy

Debtor     **Brian L Helphenstine**                                                          Case number
         **Rebecca K Helphenstine**

**Exhibit: Total Amount of Estimated Trustee Payments**

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*): | $0.00 |
| b. | **Modified secured claims** (*Part 3, Section 3.2 total*): | $1,350.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*): | $29,193.02 |
| d. | **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*): | $0.00 |
| e. | **Fees and priority claims** (*Part 4 total*): | $6,141.20 |
| f. | **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*): | $515.78 |
| g. | **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | $0.00 |
| h. | **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** (*Part 6, Section 6.1 total*) | $0.00 |
| j. | **Nonstandard payments** (Part 8, total)                                    + | $0.00 |
| | **Total of lines a through j**............................................................................................................. | **$37,200.00** |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy